O’Neall J.
delivered the opinion of the Court.
The only question in this case, is, whether the defendants could avail themselves of the failure of consideration as between them and their assignee, Withers, against his assignee the plaintiff.
The guaranty of the defendants is under seal and implies a consideration, but this implication may be rebutted by shewing that it was founded on a void consideration, or one which had failed. This is not denied as between the parties to the covenant, but it is said that this defence cannot be set up against the assignee Waring. There can be no doubt that if the consideration moving from the obligee to the obligor of a bond fails, that the obligee who had assigned it. *189 could not generally avail himself of any such matter as a defence against his assignee. It would usually be evidence against him, as a breach of his warranty, that the bond was the deed of the party, by whom it purported to have been executed, and that he was legally bound to pay the amount which is stipulated should be paid. But such a ease supposes that the bond is based upon some consideration, moving from the obligee to the obligor, or that it was intended that the relation of debtor and creditor should exist between them. In this case it appears that the defendants and the obligor were really the purchasers of the property from Withers, for which the bond was given, and that the defendants were considered by him as securities for the payment. In that point of view as between him and them, there can be no doubt that they could have made any defence which the obli-gor could have made. To him no one will doubt the competency of the defence of failure of consideration. But as between Withers and the defendants, another view is worthy of notice. The assignment and guaranty to him, must have been on a valuable consideration, or he could not have been entitled to have recovered any damages from the defendants. What was the consideration as between them ? Was it not the sale to Smith ? and if a part of the consideration as between Withers and Smith failed, did it not also fail, as between Withers and the defendants ? It is clear that it did.
There could be no difficulty in holding that, as against Withers, the defence of the defendants would have been good. As against the plaintiff, the defence of the failure of consideration by Smith, the obligor, must, under the act of ’78, have also been available. The defendants, it seems to me, occupy the same ground which Smith does. They are simply the guarantors upon the same consideration, that he should make payment. No new consideration moved to them which would make their contract a new and original covenant for the payment of money, in the event that he was not legally bound to make payment. They *190 are his securities for the payment of the money by a covenant of guaranty. They must be entitled to make the defence which he could make ; for it will not be pretended that if they were joint purchasers, that they would not be entitled to be refunded by Smith, his part of whatever sum they were legally compelled to pay on account of the purchase; yet his defence of failure of consideration would protect him from being compelled to pay any thing. If they were his securities alone, they are entitled to be refunded whatever they pay on account of their principal, and yet they could not recover against him, because his answer, that he was not legally bound to pay any thing on account of the failure of consideration, would be a legal protection to him.
So much for a general view of the case without any reference to the law under which this plaintiff is obliged to sue. The act of ’98 authorizes the assignees of bonds, notes or bills, not payable to order or not negotiable, to sue in their own names, provided “that nothing in this act contained, shall be construed to preclude any defendant in such action from the advantage of any discounts, or defence, which he or she would have been entitled unto, had the action been brought in the name of the obligee or obligors of said bond or bonds, or payee or payees of said note or notes, bill or bills.”
It is under this act that the plaintiff in this case at the last Term was held to be entitled to maintain this suit. And unless it is under the construction then given to it, the plaintiff cannot maintain this action; for at common law, he could not have sued, and until the passage of this act, upon a chose in action like the present, the suit must have been in the name of Withers ; for in no case except in covenants running with land, could the assignee maintain an action in his own name.
The act of ’98 substitutes the assignee in an action for the obligee or payee, and reserves to the defendant the benefit of all defences which would have been *191 available against either. The plaintiff here is Withers, for the purposes of the defendants’ defence, and as against him the failure of consideration is a good discount or defence ; for the property which he sold, was the consideration moving to the defendants for their guaranty, and that having failed, discharges the guaranty as well as the bond.
J. E. Holmes, for the motion.
Frost, contra.
If the defendants had sold the bond as their property, and received a money price for it, then the money paid would have been the consideration of their contract of assignment and guaranty, and there could have been no foundation for the defence of failure of consideration. But as the factors of Withers, and for him, they placed the bond in the hands of Burney the broker, who negotiated the sale to the plaintiff, and as his factors, they received the money paid for it. The sale of the bond to the plaintiff was therefore by Withers and not the defendants, and the money consideration paid for it, was to him, and on his assignment and guaranty, and not on the defendants.’

The motion for a new trial is dismissed.

Johnson J. concurred.